No. 4736.

### E. T. MERRICK, EXECUTOR, ET AL. VS. DAVID B. NORTH.

This suit is instituted by the executor and the widow in community to compel a compliance of the purchaser with the sale of certain property, and to recover certain charges and expenses, resulting, as alleged, from the refusal of the purchaser. The defense is, that the auctioneer and notary refused or failed to furnish said purchaser with the titles to the property for examination, and because the widow in community did not and would not sign the title tendered. He now contends that he was not properly put in default. This plea is not well founded.

The record shows that the notary tendered him a title similar to the one decided to be good in the Davidson suit, except the clause " and, with the exception of the usual draining privilege, the property is incumbered by no mortgage in the name of said William Silliman," the former proprietor. This was not a ground of objection.

It has been heretofore held that it was not necessary for the widow to sign the act of sale, and there is no force in the objection that the auctioneer and notary refused to furnish the titles for examination. It is not their duty to do so.

The judge a quo erred in making the purchaser pay eight per cent interest on the cash payment. The law imposes only five per cent, there being no agreement to pay eight.

The amount of the taxes paid is sufficiently proved, and by the terms of the sale the purchaser was to pay, in addition to his bid, the taxes of 1869, and was entitled to the rents and revenues from the first of November, 1869. The right to the rents from that date, which are allowed to the defendant, implies the obligation to pay the taxes subsequently accruing.

The commission, however, for renting is not one of the charges to be paid by this purchaser. It did not result from any action of his, while it was the duty of the executor, for the interest of all parties, to rent the property if possible.

The charge for notary's fee to put defendant in default was properly allowed.

The nature of the case does not authorize the court to make the defendant pay the attorney's fee for the plaintiff. The defendant, it is true, failed to meet his obligation, and it necessitated a suit to make him comply; but this is the same position of most defendants who are sued to comply with their obligations. The demand is not within the provision of article 2315 R. C. C., and is not like that made in an injunction suit.

APPEAL from the Fifth District Court, parish of Orleans.  *Cullom, J. Race & Foster*, for plaintiffs and appellees.  *B. R. Forman* and *Ogden & Hill*, for defendant and appellant.

Merrick vs. North.

Howell, J.   At the succession sale of William Silliman, deceased, John Davidson purchased one store on Poydras street, but refused to comply with the terms of sale, on the ground of alleged defects in the title tendered.   The property was offered again at his risk, and he enjoined the sale for the same cause.   The suit was finally decided against him (see 24 An. 225), and the sale was made, when the defendant herein became the purchaser on the same terms.   When called on to comply, he refused, because the auctioneer and notary refused or failed to furnish him with the titles to the property for examination, and because the widow in community did not and would not sign the title tendered.   This suit was then instituted by the executor and the widow to compel a compliance, and to recover certain charges and expenses resulting, as alleged, from his refusal.   In answer, he set up the above grounds, the latter of which is the one set up in the Davidson suit, and decided not to be valid.   Judgment was rendered against defendant, and he appealed.   He now contends that he was not properly put in default.   The record shows that the notary tendered him a title similar to the one decided to be a good one in the Davidson suit, except the clause " and with the exception of the usual draining privilege, the property is incumbered by no mortgage in the name of said William Silliman."

This was not a ground of objection to complying with the terms of sale when called on, nor a defense when sued, and we are not inclined to entertain it when urged here for the first time, as in the answer the defendant declared that " he has no objections to completing the purchase of said property, provided Mrs. Silliman be decreed to join, and does join, in the act of sale;"   *   *   *   *   *   and prayed that " plaintiffs' claims be rejected with costs, and that the plaintiffs may be decreed to join in a conveyance of said property to respondent, with full guarantees, warrantees, and subrogation of warrantees, etc., of title, and for equitable and general relief in the premises."

We have heretofore held that it was not necessary for the widow to sign the act of sale, and we can see no force in the objection that the auctioneer and notary refused to furnish the titles for examination.   It is not their duty to do so.   The defendant had access to the public records of title to real property.   We think he was duly put in default.

The judge a quo erred, however, in making him pay eight per cent interest on the cash payment.   The law imposes only five per cent, there being no agreement to pay eight.   The amount of taxes paid is sufficiently proven, and by the terms of the sale the purchaser was to pay, in addition to his bid, the taxes of 1869, and be entitled to the rents and revenues from first of November, 1869.   The right to the rents from that date, which are allowed to defendant, implies the obligation to pay the taxes subsequently accruing.   The charge for advertising is proven, and

was properly allowed. The commission, however, for renting is not one of the charges to be paid by this purchaser. It did not result from any action of his, while it was the duty of the executor, for the interest of all parties, to rent the property if possible. As to the purchaser, he might be viewed as *negotiorum gestor*, and as to the succession, he was acting under his executorship. The charge for notary's fee for putting the defendant in default was properly allowed. There is nothing before us to show that plaintiff paid too much. The auctioneer's commission has been remitted by plaintiff.

We do not think this such a case as authorizes the court to make the defendant pay the attorney's fee of the plaintiff. The defendant, it is true, failed to meet his obligation, and necessitated a suit to make him comply; but this is the same position of most defendants who are sued to comply with their obligations. We are referred to no law which entitles the plaintiff to recover his attorney's fee in this class of cases. The demand is not within the purview of article 2315 R. C. C., and is not like that made in an injunction suit.

It is therefore ordered that the judgment appealed from be amended by reducing the interest on the cash payment from eight to five per cent; by striking out item one hundred and fifty dollars commission for renting, and the item one thousand dollars for attorney's fee, and that as thus amended the judgment be affirmed, appellee to pay costs of appeal.

Rehearing refused.